FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 AUG 25 PM 1:53

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JASON HAIGHT,

    Plaintiff,

-vs-

CASE NO.: 6:16-cv-1523-Orl-41DAB

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, JASON HAIGHT, by and through the undersigned counsel, and sues Defendant, WELLS FARGO BANK, N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like WELLS FARGO BANK, N.A. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

1

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Volusia County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Deltona, Volusia County, Florida.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7).

11. Defendant is a Corporation and National Association with a principal place of business in San Francisco, California, and conducting business in the state of Florida.

12. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7).

13. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (386) ***-5890, and was the called party and recipient of Defendant's hereinafter described calls.

15. Plaintiff does not now, nor has he ever, entered into a business relationship with Defendant.

16. In or about April of 2016, Plaintiff received a telephone call to his aforementioned cellular telephone number from Defendant seeking to recover a debt from an individual who was and is unknown to him.

17. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (503) 403-2664, (515) 221-6391, (800) 642-4720, (503) 716-9597, (503) 403-2655, and when those numbers are called, a pre-recorded message answers "Thank you for calling Wells Fargo. The laws of some states require us to inform you that this communication is an attempt to collect a debt, and that any information obtained will be used for that purpose. This call may be monitored or recorded.

If you know the extension number of the person you are calling, press "0." Otherwise, remain on the line for the next available representative."

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because when he answered a call from the Defendant he would an extended pause before a live agent/representative would come on the line.

19. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

20. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

21. In or about April of 2016, Plaintiff answered a call from Defendant to his aforementioned cellular telephone number, met with an extended pause, held the line, was eventually connected to a live representative, and informed an agent/representative of Defendant that he was not the individual for whom they were calling, and demanded that they cease calling his aforementioned cellular telephone number.

22. During the aforementioned April of 2016 phone call from Defendant in which Plaintiff identified that he was not the individual for whom they were calling, Plaintiff unequivocally revoked any express consent Defendant may have believed they had for placement

of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

23.     Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

24.     Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

25.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff continually despite not having his express consent to call his aforementioned cellular telephone number.

26.     The Plaintiff's request for the harassment to end by informing them that he was not the individual for whom there were calling was ignored.

27.     From approximately April of 2016 through the filing of this Complaint, or at such time as will be determined after a thorough review of Defendant's records, Defendant has called Plaintiff's aforementioned cellular telephone on a daily basis, despite not having his express consent.

28.     From April of 2016 through the filing of this Complaint, Defendant has placed approximately two-hundred eighty (280) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log from May 24, 2016 through July 5, 2016).

29.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

30. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

31. By continuing to call the Plaintiff despite being informed that he was not the individual for whom they were calling, Plaintiff was led to believe the Defendant thought he was lying and the only way to stop the harassing calls was to pay the alleged debt.

32. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

33. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals informing Defendant that they are the wrong party.

34. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties are not the individual for whom Defendant is calling.

35. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

36. Defendant has had numerous complaints from consumers against them across the country asking to not be called; however, the Defendant continues to call the consumers.

37. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

38. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call their cellular numbers, despite not having the consumers express consent to do so.

39. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

40. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

41. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

42. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

43. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

44. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and her cellular phone services.

45. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I
### (Violation of the TCPA)

46. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-five (45) as if fully set forth herein.

47. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

48. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

49. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-one (51) as if fully set forth herein,

50. At all times relevant to this action, Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

51. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the alleged debtor or any member of her or his family with such frequency as can reasonably be expected to harass the alleged debtor or her or his family.

52. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of her or his family.

53. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Octavio Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0338620
Attorney for Plaintiff